# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF OHIO
# EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | CASE NO. 1:17CR362 |
| ) | |
| Plaintiff, ) | |
| ) | JUDGE SARA LIOI |
| v. ) | |
| ) | |
| WILLIAM J. JOHNSON, ) | **DEFENDANT'S SENTENCING** |
| ) | **MEMORANDUM** |
| ) | |
| Defendant. ) | |

Now comes Defendant William J. Johnson, by and through counsel, and respectfully submits his sentencing memorandum for the Court's consideration.

The defendant has pleaded guilty to one count of felon in possession of a firearm in violation of 18 U.S.C. §922(g).

This memorandum is offered to provide this Court with information that will allow it to consider the defendant as an individual with accomplishments and failings that mitigate the offense of conviction. *See Pepper v. United States*, 131 S.Ct. 1229, 1240 (2011).

## I. THE NATURE AND CIRCUMSTANCES OF THE OFFENSE

In August of 2017, the defendant was driving through Cleveland when he saw a friend who asked for a ride.

The defendant was aware that his friend usually carried a gun but still agreed to give him a ride. The defendant took his friend to a couple of places around town. At one point, the friend asked the defendant to wait for him while he went into an apartment, leaving his gun in the defendant's car.

The defendant waited for several minutes but eventually left to go see his family. On his way, the defendant was pulled over for not having his headlights on. During a search of the defendant's vehicle, a gun was found in the glove compartment.

The defendant has taken fully responsibility for possessing the gun and for not being more careful.

## II. THE SENTENCING GUIDELINES

The defendant's base offense level is 24, before an adjustment for acceptance of responsibility. The PSR recommends a two level adjustment for acceptance of responsibility. It is the government's position that the defendant did not accept his plea in a timely manner and, therefore, he was not provided with an additional point for acceptance of responsibility pursuant to USSG §3E1.1(b). Nevertheless, the defendant submits that given the facts of this case, his acceptance of responsibility should be taken into account to a greater degree than what the PSR suggests and the government refuses to acknowledge.

According to the PSR, the defendant has 11 criminal history points which correlates to a criminal category of V. Although the Court is aware of an issue with the defendant's criminal history score, he will provide a brief explanation:

In 2008, the defendant pleaded guilty to conspiracy to possess with intent to deliver crack and cocaine in Northern District of Ohio in Case No. 1:08CR140. The conspiracy encompassed the time frame of July 2005 through March of 2008. He was sentenced to 57 months imprisonment in that matter.

After he began to serve his federal sentence, he was sentenced in the Cuyahoga County Court of Common Pleas, Case Nos. CR-07-503651 and CR-07-504657, for drug and related offenses occurring within the same time period as the federal conspiracy for which he was sentenced and serving time. Under Ohio law, the state was barred by statute from prosecuting the defendant in the

2

state cases. *See* Ohio Rev. Code §§ 2925.50 and 2923.01(G).[1]

The undersigned has moved to withdraw Johnson's pleas and vacate his convictions in both of his state cases. The court held a hearing on these matters on June 25, 2018, but, as of the date of filing of this memorandum, has not issued a ruling. If the Court of Common Pleas grants the defendant's motion, his criminal history could be reduced by as much as five points. *See* PSR ¶35-36. He would then have a criminal history category III instead of a criminal history category V.

This would adjust the defendant's guideline imprisonment range from the 77-96 months set forth in the PSR, to 51-63 months.

However, even if the state court denies his motion, the defendant submits that on these facts, a departure may be warranted as his criminal history is overstated. *See* U.S.S.G. § 4A1.3(b)(1).

## CONCLUSION AND REQUESTED SENTENCE

At the end of the day, this Court is called upon to impose "a sentence sufficient, but not greater than necessary, to comply with the purposes" of section 3553(a)(2)." *United States v. Foreman*, 436 F.3d 638, 644 and fn. 1 (6th Cir. 2006).

Those purposes include the imposition of a just punishment, promoting respect for the law,

---

[1] R.C. §2925.50 provides as follows: "If a violation of this chapter is a violation of the federal drug abuse control laws, as defined in section 3719.01 of the Revised Code, a conviction or acquittal under the federal drug abuse control laws for the same act is a bar to prosecution in this state." In turn, R.C. §2923,01(G) provides: "When a person is convicted of committing or attempting to commit a specific offense or of complicity in the commission of or attempt to commit the specific offense, the person shall not be convicted of conspiracy involving the same offense." The latter has also been construed to prohibit a prosecution for an individual act where a conspiracy conviction which embraced the individual act occurs first. *State v. Edwards*, 9th Dist. No. 97 CA006660, 1997 WL 760905 at *2.

deterring further crime and protecting the public.

In this case, the defendant submits the purposes of sentencing can be achieved through a sentence that is substantially lower than what is recommended by the PSR and that the nature and circumstances of this offense, his ultimate acceptance of responsibility in this matter and the overstatement of his criminal history, all warrant a lower sentence.

Respectfully submitted,

/s/ Mark R. DeVan
MARK R. DeVAN (0003339)
mdevan@bgmdlaw.com
BERKMAN, GORDON, MURRAY & DeVAN
55 PUBLIC SQUARE, SUITE 2200
CLEVELAND, OH 44113
Telephone:    (216) 781-5245
Facsimile:     (216) 781-8207

Attorney for Defendant William J. Johnson

## CERTIFICATE OF SERVICE

I hereby certify that on August 2, 2018, the foregoing Defendant's Sentencing Memorandum was filed electronically. Notice of this filing will be sent to all parties by operation of the Court's electronic filing system.

/s/ Mark R. DeVan
MARK R. DeVAN (0003339)
BERKMAN, GORDON, MURRAY & DeVAN

Attorney for Defendant William J. Johnson